NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-1304

SHERRIE L. LAFLEUR, ET AL.

VERSUS

SHELTER MUTUAL INSURANCE CO., ET AL.

**********
APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20082361
HONORABLE MARILYN CARR CASTLE, DISTRICT JUDGE
**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Oswald A. Decuir, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.

AFFIRMED.

Alan K. Breaud
Breaud & Meyers
P. O. Drawer 3448
Lafayette, LA 70502
(337) 266-2200
Counsel for Plaintiff-Appellant:
Sherrie L. Lafleur

Thomas Reginald Hightower, Jr.
Michael S. Harper
Law Offices of Thomas R. Hightower, Jr., APLC
P. O. Drawer 51288
Lafayette, LA 70505
(337) 233-0555
Counsel for Defendants-Appellees:
Shelter Mutual Insurance Co.
Shelter General Ins. Co.
Brenda Nabours

**PICKETT, Judge.**

The plaintiff, Sherrie Lafleur, appeals a judgment of the trial court awarding her $5,457.97 in special medical damages and $10,000.00 in general damages from a motor vehicle collision, arguing that the damages are too low.

## STATEMENT OF THE CASE

On April 29, 2007, Brenda Nabours drove her vehicle into the rear of Mrs. Lafleur's vehicle while waiting for a traffic signal on Ambassador Caffery Parkway in Lafayette. The low-impact collision caused no damage to Ms. Nabours' vehicle. Mrs. Lafleur had to replace sensors in her rear bumper, but her car suffered no structural damage. Mrs. Lafleur filed suit against Ms. Nabours and her insurer, Shelter Mutual Insurance Company, alleging that as a result of the accident she suffered a severe neck injury which caused neck pain, headaches, numbness in her hand, and back pain. Shelter admitted liability for the collision, and the case proceeded to trial on the issues of causation and damages.

Following a bench trial, the trial court found that the debilitating injuries claimed by Mrs. Lafleur were not a result of this collision. Based on the medical records, the trial court found that all of the symptoms that Mrs. Lafleur complained of predated the accident by many years. The trial court dismissed the testimony of Dr. Alan Appley, who said the injuries were caused by the accident, because he based his opinion on the incomplete medical history provided to him by Mrs. Lafleur. The trial court awarded the medical damages incurred by Mrs. Lafleur from the date of the accident through August 2007 in the amount of $5,457.97. The trial court found Mrs. Lafleur failed to prove by a preponderance of the evidence that her remaining medical

1

treatment was necessitated by the collision with Ms. Nabours. The trial court also awarded general damages of $10,000.00. Mrs. Lafleur now appeals that judgment.

## ASSIGNMENT OF ERROR

The appellant, Mrs. Lafleur, asserts two assignments of error:

1.  The trial court erred in its award of past and future medical expenses. Sherrie Lafleur incurred $49,210.30 in past medical expenses related to the accident in this case but the trial court only awarded $5,457.97 for past medical expenses. A cervical fusion surgery has been recommended to Mrs. Lafleur which is estimated to cost $85,748.00, yet Mrs. Lafleur was not awarded anything for future medical treatment. The award was abusively low and contrary to the evidence.

2.  The trial court erred in its award of general damages. Following the accident, Sherrie Lafleur suffered considerably and was offered cervical surgery due to subluxation in her cervical spine which was made significantly worse as a result of the accident. The award of general damages was abusively low and was contrary to the evidence.

## DISCUSSION

The amount of special damages awarded is a finding of fact subject to the manifest error standard of review. *Hornsby v. Bayou Jack Logging*, 03-1544 (La.App. 3 Cir. 5/5/04), 872 So.2d 1244, *reversed on other grounds*, 04-1297 (La. 5/6/05), 902 So.2d 361. We will review the trial court's judgment under this standard, as enunciated by the supreme court in *Adams v. Rhodia, Inc.*, 07-2110, pp. 10-11 (La. 5/21/08), 983 So.2d 798, 806-7:

> The issue to be resolved by the reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one. *Stobart v. State, Department of Transportation and Development*, 617 So.2d 880, 882 (La.1993). If the factual findings are reasonable in light of the record reviewed in its entirety, a reviewing court may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. *Id.* at 882-883. Where there are two permissible views of the evidence, the factfinder's choice between them cannot be manifestly erroneous. *Id.* at 883. Further, where the findings are based on determinations regarding the credibility of witnesses, the manifest error standard demands great deference to the findings of fact. *Rosell v. ESCO*, 549 So.2d 840, 844

2

(La.1989). Indeed, where the factfinder's determination is based on its decision to credit the testimony of one of two or more witnesses, that finding can virtually never be manifestly erroneous. *Id.* at 845. This rule applies equally to the evaluation of expert testimony, including the evaluation and resolution of conflicts in expert testimony. *Lasyone v. Kansas City Southern Railroad*, 00-2628, p. 13 (La.4/3/01), 786 So.2d 682, 693.

The evidence at trial in this case showed that since 1990, Mrs. Lafleur complained of neck pain, headaches, and tingling in her left arm. These were the same complaints she had after the collision with Ms. Nabours. Mrs. Lafleur explained at trial that the headaches were worse after the accident. She said that her neck would get stiff before the accident, but now she experienced neck pain. At trial, she argued that the collision with Ms. Nabours aggravated her pre-existing condition. In her deposition testimony and at trial, Mrs. Lafleur attempted to minimize similar symptoms she experienced before the collision.

The trial court clearly found that Mrs. Lafleur had a degenerative neck condition that was temporarily aggravated by the collision with Ms. Nabours. The trial court determined that the aggravation was resolved by August 2007, when Mrs. Lafleur traveled to Italy for ten days. While the record shows that Mrs. Lafleur continued to be treated for neck pain, headaches, and radiculopathy through 2008, the trial court found that the collision with Ms. Nabours was not the cause of all of these injuries. In its written reasons, the trial court made the following statement regarding Mrs. Lafleur's credibility:

> The Plaintiff's responses in deposition testimony regarding her inability to recall neck pain, arm and hand weakness, headaches and treatment prior to her accident is difficult to reconcile with the extensive medical records and Plaintiff's level of understanding.

Mrs. Lafleur argues in this court that the trial court erred in dismissing the testimony of Dr. Appley that Mrs. Lafleur's symptoms were caused by the accident,

3

as there was no evidence in the record to rebut that claim. The trial court dismissed Dr. Appley's opinion regarding causation because it was based on an incomplete history provided to him by Mrs. Lafleur. Furthermore, Dr. Thomas Bertuccini did not find any indication of traumatic trauma when comparing MRIs done before and after the collision. The evidence supports the trial court's findings, and we find no manifest error in the trial court's judgment.

We also find that the trial court did not err in failing to award future medical treatment for surgery. Dr. Appley suggested surgery as a possible option in December 2007. Mrs. Lafleur rejected that option. Mrs. Lafleur testified that Dr. Appley recommended surgery in December 2008, but she never saw Dr. Appley after December 10, 2007. In her brief to this court, Mrs. Lafleur cites her incorrect testimony as to the date, but refers to Dr. Appley's explanation of the surgery in his testimony. During his testimony, Dr. Appley, responding to questions from Mrs. Lafleur's attorney, explained that he offered surgery as an option on December 10, 2007, the last time he saw Mrs. Lafleur.

The first assignment of error is without merit.

In her second assignment of error, Mrs. Lafleur argues that the general damage award of $10,000.00 is abusively low. The trial court is vested with great discretion in awarding general damages, and we will not increase an award of general damages absent a finding of an abuse of discretion. *Youn v. Maritime Overseas Corp.*, 623 So.2d 1257 (La.1993), *cert. denied*, 510 U.S. 1114, 114 S.Ct. 1059 (1994). Here, we find the trial court did not abuse its discretion in awarding $10,000.00 in general damages. This assignment of error lacks merit.

4

## CONCLUSION

The judgment of the trial court is affirmed. Costs of this appeal are assessed to the appellant, Mrs. Lafleur.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3, Uniform Rules, Courts of Appeal.